SUMMARY ORDER

Gentjan Lelcaj, a native and citizen of Albania, seeks review of a May 30, 2008 order of the BIA affirming the July 6, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Gentjan Lelcaj, No. A96 001 677 (B.I.A. May 30, 2008), aff'g No. A96 001 677 (Immig. Ct. N.Y. City Jul. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both the BIA’s and IJ’s opinions. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including advei-se credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We find that the agency’s adverse credibility determination is supported by substantial evidence. While the IJ based his decision on numerous inconsistencies in the record, the BIA upheld that decision based on three “unchallenged discrepancies.” Lelcaj challenges only one of those findings on review, and we find any argument with respect to the other two waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
The agency relied on Lelcaj’s omission from his airport and credible fear interviews of the alleged threat from other military recruits that he would not return from military service alive. We find that the airport and credible fear interviews conducted in this case provide a “suffi *48 ciently accurate record” of Lelcaj’s statements to support the agency’s credibility finding. Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). Moreover, in a pre-REAL ID Act case like the one at issue here, an inconsistency must be “substantial” when measured against the record as a whole to form the basis of an adverse credibility determination. See Secaida-Rosales v. INS, 331 F.3d 297, 308-09 (2d Cir.2003) abrogated, in part, by Xiu Xia Lin v. Mukasey, 534 F.3d 162 (2d Cir.2008). We find that Lelcaj’s omission of this threat from military recruits from his airport and credible fear interviews is substantial, considering his later testimony that this threat led him to flee Albania. See Secaida-Rosales, 331 F.3d at 308-09.
Moreover, the agency also found a substantial inconsistency between Lelcaj’s testimony that he received this threat in October 2002 before he was scheduled to begin his military service, and letters of support from family members stating that he received the threat in November 2001. While Lelcaj waives any challenge to this specific finding, this inconsistency goes to the heart of Lelcaj’s claim, as it casts doubt on whether he ever received such a visit, and whether his family was indeed the target of persecution. Id.
Further, Lelcaj fails to challenge the agency’s reliance on his failure to call his family members living in the jurisdiction as witnesses in finding him not credible. Rather, he makes the general argument that the agency erred in relying on his failure to corroborate his claim in making its adverse credibility determination. However, we have held that an applicant’s failure to corroborate his testimony may bear on credibility because the absence of corroboration in general renders an applicant unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Because the agency properly relied on the above-stated omission and inconsistency, it was proper to expect Lelcaj to call his family members to help him rehabilitate his testimony.
The cumulative impact of the inconsistency, the omission, and Lecaj’s failure to call his family members to corroborate his claim supports the agency’s denial of asylum. See Liang Chen v. U.S. Attorney Gen., 454 F.3d 103, 106-07 (2d Cir.2006). Finally, inasmuch as Lelcaj’s claims for withholding of removal and CAT relief share the same factual predicate as his asylum claim, the IJ’s adverse credibility finding is fatal to those claims as well. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).